## JOHN C. BARNHILL v. STATE.

No. A-5970. Opinion Filed Jan. 16, 1928.
(263 Pac. 153.)

E. I. O'Reilly, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. On information charging that on September 27, 1925, J. C. Barnhill did unlawfully transport intoxicating liquor, to wit, one pop bottle of whisky, from a point unknown to a point near the Negro Apostolic Church,

in the city of Eufaula, McIntosh county, appellant was tried and convicted and his punishment fixed at a fine of $250 and a jail term of 90 days. To reverse the judgment rendered on the verdict, he appeals.

A number of errors are assigned and argued, but one of which it is deemed necessary to notice, and that is alleged misconduct on the part of the prosecuting attorney in asking improper questions on cross-examination of the defendant and in his argument to the jury.

J. M. Rushing, deputy sheriff, testified that he was watching and waiting for the defendant and saw him turn the corner and start north up the alley west of the Apostolic Church and he followed him, and the defendant looked back and saw him and he threw down a pop bottle; that he turned the pop bottle over to the sheriff; that he had been seeing the defendant around John Bassett's and had been smoking him off for several days. There was whisky in this pop bottle.

At the close of the state's case the defendant moved that a verdict of not guilty be directed for failure of proof in the form of a demurrer to the evidence. The motion was overruled and exception allowed.

Albert Barnhill, father of the defendant, testified that his son lived with him and on Saturday morning left home on a load of cotton; that the next day, Sunday, about 2 o'clock he heard he was in jail; that he had been at home all that week; that Eufaula was his trading point, and he hauled all his cotton there.

His cross-examination was as follows:

"Q. Do you know how many whisky bonds you are on in the county court and the Criminal Court of Appeals now?" (Defendant's objection sustained by the court.)

As a witness in his own behalf the defendant testified:

"It was on Sunday morning, I started up town, and

Mr. Rushing halted me and searched me, went through my clothes, then carried me back to the place he picked up the pop bottle; I did not have the bottle and did not throw the bottle there where he found it; I never saw it until he picked it up, I live near Bower with my father, and the night before I stayed at Sam Kemp's."

On cross-examination, the prosecuting attorney asked the following questions:

"Q. John, you and Sam are liquor kin, ain't you? A. No, sir.

"Q. You say you never hang around John Bassett's, but around Sam Kemp's. Is he the only man in Sand Town you peddle liquor for? A. I don't peddle liquor for him. (Counsel for defendant objected and asked that it be stricken. The court sustained the objection and instructed the jury not to consider the question or answer.)

"Q. I will ask you, John, whether you are not in the practice of making whisky in Pittsburg county, you and your brother, and bringing it over here, and didn't your brother get caught and serve a term in the county jail? A. No, sir. (The same objection and motion to strike.)

"The Court: The questions and answers regarding the defendant's brother will be stricken.

"Q. And you stayed at Sam Kemp's, and was tramping over town and going from place to place, and stayed here pretty much all week? A. I was picking cotton at home and drove in Saturday.

"Q. Sam Kemp is a three times worse bootlegger than John Bassett, isn't he? (The same objection and motion to strike sustained by the court.)"

This character of examination could serve but one purpose and have but one effect; that is, to prejudice the minds of the jury. This is shown by the verdict rendered and severe punishment assessed by the jury in this case.

While prosecuting attorneys are not expected to maintain a judicial impartiality, yet it is their duty to present the case fairly and justly.

A person accused of crime is entitled to a fair and impartial trial, conducted according to the established principles of law, the most important of which is that the verdict of the jury shall be founded only upon competent evidence. If a defendant cannot be fairly convicted, he should not be convicted at all, and to hold otherwise would be to provide ways and means for the conviction of the innocent. Pickrell v. State, 5 Okla. Cr. 391, 116 P. 957.

The repeated asking of incompetent questions, which clearly have for their purpose the intimation of something to the jury that is either not true, or not capable of being proved if true, is wrong, and such conduct of counsel is not cured because the court sustains objections to the questions. Watson v. State, 7 Okla. Cr. 590, 124 P. 101.

On the record before us it appears that the defendant, for the reasons stated, did not have that fair and impartial trial to which he was entitled under the law. The judgment of the lower court is therefore reversed.

EDWARDS and DAVENPORT, JJ., concur.